# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Irma Atanasio

Plaintiff,
v.

Hartford Accident and Indemnity Company

Defendant.

---

### NOTICE OF REMOVAL

---

**TO: HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF COLORADO**

Defendant, Hartford Accident and Indemnity Company ("Hartford"), pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1446(a), files this Notice of Removal of the above styled case from the District Court, Boulder County, Colorado to the United States District Court for the District of Colorado, and respectfully submits the following:

## I. INTRODUCTION

1. Plaintiff Irma Atanasio, filed her complaint on August 31, 2010 alleging she is entitled to underinsured motorist benefits pursuant to an insurance policy with Defendant Hartford. Defendant was not served with a Complaint until September 2, 2010. *See* Proof of Service, attached as Exhibit A. Plaintiff alleges economic loss, non-economic loss, permanent injury, and disfigurement from an automobile accident allegedly caused by Jamie Acunicus, who is not a party to this action. *See* Plaintiff's Complaint at 1-2, attached hereto as part of Exhibit B.

2. The permitted time period for removal has not yet passed therefore this Notice of Removal is timely filed. 28 U.S.C. § 1446(b).

3. The District Court of Colorado has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and papers or exhibits filed in the District Court of Boulder County, Colorado are appended to this Notice as Exhibit B.

5. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district embraces the place in which the removed action is pending.

6. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiff's counsel and a copy will be filed promptly with the District Court Clerk for Boulder County, Colorado pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of this Notice of Removal to Federal Court is attached hereto as Exhibit C.

## II. DIVERSITY OF CITIZENSHIP EXISTS

7. Plaintiff is and was at the commencement of this action a resident of Colorado. *See* Plaintiff's Complaint at ¶1, attached as part of Exhibit B.

8. Defendant Hartford is not a resident of Colorado, and is a Connecticut corporation with its principal place of business in Connecticut. *See* Plaintiff's Complaint at ¶¶2, 4, attached as part of Exhibit B.

## III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

9. A federal court has diversity jurisdiction when there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221 (10th Cir. 2001). Furthermore, a party asserting jurisdiction based on

diversity has the burden of showing that the amount in controversy exceeds $75,000. *Laughlin v. Kmart Corp.* 50 F.3d 871, 873 (10th Cir. 1995). When the amount in controversy cannot be determined by the allegations in the complaint, the Tenth Circuit requires that the party requesting removal assert the underlying facts supporting the amount in controversy in the notice of removal. *Id.*

10. Plaintiff's Complaint does not specify an amount of damages, but she does allege she is seeking all economic and non-economic damages, permanent impairment, disfigurement, interest, and costs. *See* Plaintiff's Complaint at 2-3, attached as part of Exhibit B. Plaintiff alleges that she has settled with the alleged tortfeasor's insurance company for the limit of that liability insurance policy, and now seeks payment under her own insurance policy with Hartford. *See* Plaintiff's Complaint at ¶ 13, attached as part of Exhibit B. Based upon information and belief, Plaintiff alleges medical expenses alone in an amount exceeding $160,000.

11. Plaintiff's allegations of permanent impairment, noneconomic losses, and the known alleged medical expenses of over $160,000 is the basis for meeting the requirement that the amount in controversy exceed $75,000. Plaintiff's allegations in her Complaint alone, as they are serious in nature, establish the amount in controversy requirement. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883, (5th Cir. 2000) (stating that allegations of damages for medical expenses, pain and suffering, mental anguish, loss of wages and earning capacity satisfy "facially apparent" standard).

WHEREFORE, the Defendant, Hartford Accident and Indemnity Company, hereby removes the State Court action pending as case number 10 CV 954 in the District Court, Boulder County, Colorado to the United States District Court for the District of Colorado.

This 4th day of October, 2010.

Respectfully submitted,

**SENTER GOLDFARB & RICE, L.L.C.**

By_____s/ Arthur J. Kutzer_____
Arthur J. Kutzer

By: ___/s/ Matthew M. McQuillan_____
Matthew M. McQuillan
1700 Broadway, Suite 1700
Denver, Colorado 80290
Telephone: 303-320-0509

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of October, 2010, a true and exact copy of the above and foregoing **NOTICE OF REMOVAL** was electronically filed with the Court and served upon counsel via U.S. Mail, addressed to:

Bradley A. Scriven
Sisun & Scriven, P.C.
90 Madison Plaza, Suite 302
Denver, CO  80206
*Attorneys for Plaintiff*

s/ Andrew C. Murray
Andrew Murray, Legal Secretary