IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-02410-MSK-KLM

IRMA ATANASIO,

      Plaintiff,

v.

HARTFORD ACCIDENT AND INDEMNITY COMPANY, a Connecticut corporation,

      Defendant.

## ORDER REMANDING CASE

      THIS MATTER comes before the Court *sua sponte*.

      The Plaintiff commenced this action in the Boulder County District Court. Plaintiff filed her Complaint on August 31, 2010, alleging she is entitled to underinsured motorist benefits pursuant to an insurance policy with Defendant Hartford. In the Complaint filed in the state court, the Plaintiff did not specify the amount of monetary relief sought.

      The Defendant has sought removal based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Defendant contends that the requisite amount in controversy can be inferred from the factual allegations in the Complaint. The Court has reviewed the Complaint, the Notice of Removal, and, if referred to, the Colorado Civil Cover Sheet.

      Consistent with the reasoning in *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208 (D. Colo. 2007) and *Klein v. State Farm Mut. Auto. Ins. Companies,* D. Colo. Case No. 08-cv-02257-MSK, 2008 WL 4948775 (Nov. 18, 2008), the Court finds that the Defendant has not shown specific facts, which if true, would demonstrate that the amount in controversy is at least

$75,000. The Complaint is silent as to the amount in controversy. The Notice of Removal states only that the amount exceeds $160,000 'based upon information and belief.' That statement is entirely conclusory; the Notice of Removal does not identify any actual facts that constitute the 'information' or warrant the 'belief' stated by the Defendant. Even the reference to the Plaintiff having 'known medical expenses of over $ 160,000' is insufficient, as the Defendant acknowledges that the Plaintiff has received benefits from her own insurer in unspecified amounts, and thus, there is no basis to believe that the full amount of the Plaintiff's 'known medical expenses' are sought from the Defendant. Because the Defendant has failed to come forward with facts demonstrating that the amount in controversy exceeds $ 75,000, the Court lacks subject-matter jurisdiction over this action and the matter is remanded

**IT IS THEREFORE ORDERED** that pursuant to 28 U.S.C. § 1447(c) this action is **REMANDED** to the Boulder County District Court from which it was removed and the Order of Reference to Magistrate Judge is VACATED.

DATED this 6th day of October, 2010.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge